**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ACandS, INC., et al., | Lead Case No.: 02-12687 (KG) |
| Debtors. | |
| _____/ | |
| GENERAL MOTORS LLC, | Adversary Case No. _____ |
| Plaintiff, | |
| v. | |
| ACandS SETTLEMENT TRUST; and ALFRED WOLIN, in his capacity as trustee, | |
| Defendants. | |
| _____/ | |

## COMPLAINT FOR DELCARATORY JUDGMENT

General Motors LLC ("General Motors"), by and through undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 7001, files this Complaint for Declaratory Judgment and states as follows:

### Jurisdiction

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001.

2. This Court has jurisdiction over the claims raised in this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This adversary proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2).

### Parties

4. On September 16, 2002, ACandS, Inc. and its subsidiaries and affiliates (the "Debtors") filed their Chapter 11 voluntary bankruptcy petitions in the United States Bankruptcy Court for the District of Delaware (the "Court"), commencing the above-captioned chapter 11 reorganization cases.

5. On May 6, 2008, this Court confirmed the Debtors' Chapter 11 Plan of Reorganization (the "Plan"), which included the formation of the ACandS Settlement Trust (the "Trust"). Alfred Wolin is the current trustee of the Trust.

## Factual Background

6. General Motors is a corporation doing business in Ohio. In furtherance of its business, General Motors employed Bobby Bolen ("Decedent") from May 30, 1966 through March 1, 2000.

7. On or about May 20, 2008, Decedent died. Subsequently, his widow Anna Bolen ("Bolen") filed a worker's compensation claim against General Motors for alleged injurious exposure to asbestos products during her husband's employment with General Motors, Claim No. 11-871295 (the "Claim").

8. Pursuant to an order entered by a district hearing officer of the Industrial Commission of Ohio on September 10, 2010, General Motors began making weekly payments of death benefits to Bolen on or about October 20, 2010, and continues to make such payments through the present. To date, General Motors has paid worker's compensation benefits to Bolen in excess of $170,000.

9. Prior to October 20, 2010, Bolen filed and applied for claims for compensation with several asbestos trusts, including the Trust.

10. On October 28, 2010, Bolen accepted receipt of settlement funds from the Trust related to Decedent's exposure to asbestos products (the "Settlement Funds").

11. Under Ohio R.C. 4123.931 General Motors' payment of workers' compensation benefits creates a right of recovery in favor of General Motors against a liable third party, which includes Bolen and the Trust.

12. Under Ohio R.C. 4123.931(G) Bolen had a statutory duty to inform General Motors of any settlement, compromise, judgment, award, or other recovery in any action or claim by Bolen.

13. Prior to receipt of the Settlement Funds, Bolen did not notify General Motors of the settlement or the Settlement Funds. The Trust did not attempt to determine whether any third party, including General Motors, had a potential right at issue in the settlement of the claim.

14. Under Ohio R.C. 4123.931(G), Bolen's failure to notify General Motors of the settlement renders Bolen and the Trust jointly and severally liable to General Motors for the full amount of its subrogation interest.

15. In order to assert its rights under Ohio R.C. 4123.931(G) General Motors filed an action styled *General Motors LLC v. Anna R. Bolen, et al.*, Case No. 16CV0089, pending in the Henry County Court of Common Pleas in Ohio (the "Liability Claim"). A copy of the complaint initiating that litigation is attached hereto at **Exhibit A**. The Liability Claim names Bolen, the Trust, and other asbestos bankruptcy trusts as co-defendants.

16. In response to the Liability Claim, counsel for the Trust through correspondence has asserted the channeling injunction of 11 U.S.C. § 524(g) bars the claim. A copy of correspondence sent on behalf of the Trust is attached hereto at **Exhibit B**.

17. In an abundance of caution, General Motors files the instant adversary complaint to determine whether the channeling injunction bars the Liability Claim.[1,2]

## Count I – Declaratory Judgment that
## 11 U.S.C. § 524(g) does not enjoin the Liability Claim

18. Plaintiffs incorporate and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

19. An actual, ripe and justiciable controversy exists between General Motors and Defendants regarding whether the 11 U.S.C. § 524(g) channeling injunction bars the Liability Claim.

20. The Trust and its Trustee is not the debtor, or a "related entity," as that term is defined at 11 U.S.C. § 524(g)(4)(A), and is not an entity entitled to protection under the channeling injunction.

21. Ohio R.C. 4123.931(G) creates a claim independent of General Motors' subrogation rights under Ohio R.C. 4123.931(A) and is a claim upon a liability created by statute.

22. General Motor's Liability Claim against the Trust did not arise until Bolen received the Settlement Funds without prior notice to General Motors, and is therefore not a claim governed by the 11 U.S.C. § 524(g) channeling injunction.

23. Pursuant to 11 U.S.C. § 524(g)(2)(A), if a channeling injunction exists, its "validity, application, construction, or modification" may only be determined in the court where the injunction was entered.

---

[1] Contemporaneous with the filing of this Adversary Complaint, General Motors has also filed adversary complaints in the following bankruptcy cases asserting substantially the same claim: In re ACandS, Inc., Case No. 02-12687 (DEB); In re Owens Corning, Case No. 00-03837 (DEB); In re USG Corp., Case No. 01-2094 (DEB); In re Johns-Manville Corp., Case No. 82-B-11656 (SBNY); In re H.K. Porter Co., Case No. 91-20468 (PAWB).

[2] Contemporaneous with the filing of this Adversary Complaint, General Motors has filed a motion to abate the Liability Claim as to the Trust and other bankruptcy trusts until such time as the relevant bankruptcy courts rule on these adversary proceedings.

24. Accordingly, the Trust is not a covered entity and the Liability Claim is not a claim barred by the 11 U.S.C. § 524(g).

WHEREFORE, General Motors LLC respectfully requests this Court enter an order:

(a) declaring the channeling injunction of 11 U.S.C. § 524(g) does not bar the Liability Claim; and

(b) granting such other and further relief as this Court deems just and proper.

Dated: March 6, 2017
Wilmington, DE

Respectfully submitted,

**GELLERT SCALI BUSENKELL & BROWN LLC**

*/s/ Ronald S. Gellert*
Ronald S. Gellert (Del. Bar No. 4259)
Evan Rassman (Del. Bar No. 6111)
1201 N. Orange St., Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
rgellert@gsbblaw.com
erassman@gsbblaw.com

-and-

**Bugbee & Conkle, LLP**

Dana R. Quick (Ohio #00082949)
(*pro hac vice admission pending*)
405 Madison Ave., Suite 1900
Toledo, OH 43604
Telephone: (419) 244-6788
Facsimile:  (419) 244-7145
Email: dquick@bugbeelawyers.com

*Attorneys for Plaintiff General Motors*