# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ACandS, INC., et al., | ) Lead Case No. 02-12687 (KG) |
| | ) |
| Debtors. | ) |
| | ) |
| ——————————————— | ) |
| | ) |
| GENERAL MOTORS LLC, | ) Adversary Case No. 17-50192 (KG) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ACandS SETTLEMENT TRUST, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION OF ACandS ASBESTOS SETTLEMENT TRUST
AND HON. ALFRED WOLIN (RET.), SOLELY IN HIS CAPACITY
AS TRUSTEE, PURSUANT TO BANKRUPTCY RULE 5011(c), FOR STAY OF
PROCEEDING PENDING DISTRICT COURT'S DISPOSITION OF MOTION TO
WITHDRAW GENERAL MOTORS LLC'S ADVERSARY COMPLAINT**

Defendants ACandS Asbestos Settlement Trust (the "Trust") and the Hon. Alfred Wolin (Ret.), solely in his capacity as trustee (the "Trustee"), by and through counsel, and pursuant to Bankruptcy Rule 5011(c), hereby move the Court for an order staying the instant proceeding pending the District Court's disposition of the Motion of the Trust and the Trustee to withdraw Plaintiff General Motors LLC's Amended Complaint for Declaratory Judgment (Adv. D.I. 3) (the "Adversary Complaint"), which is being filed concurrently herewith. In conjunction with that Motion, and as required by Local Rule 5011-1, the Trust and Trustee have also concurrently filed a Motion for this Court's determination that the Court lacks authority to enter final orders or judgments with respect to General Motors' declaratory judgment claim, which is the subject of

General Motors' Adversary Complaint. In support of the instant Motion, the Trust and its Trustee state the following:

**BRIEF STATEMENT OF RELEVANT FACTS**

1. On June 27, 2008, Judge Joseph J. Farnan, Jr. of the District Court entered an Order Affirming the Bankruptcy Court's Order Confirming Debtor ACandS, Inc.'s Second Plan of Reorganization Dated November 19, 2007 (the "Plan") and Issuing Injunctions pursuant to Section 524(g) of the Bankruptcy Code in Misc. Case No. 08-119 at D.I. 10 (the "Injunction Order").

2. In accordance with Section 10.4(a) of the Plan, the Injunction Order issued a channeling injunction under 11 U.S.C. § 524(g)(1)(A) (the "Asbestos Permanent Channeling Injunction") enjoining entities from taking legal action for the purpose of directly or indirectly collecting, recovering, or receiving payment or recovery with respect to any claim or demand that, under the Plan, is to be paid in whole or in part by a trust described in 11 U.S.C. § 524(g)(2)(B)(i).

3. The Trust was established by the Plan and is a trust described in 11 U.S.C. § 524(g)(2)(B)(i). Accordingly, the Trust enjoys the protections afforded by the Asbestos Permanent Channeling Injunction.

4. On August 29, 2016, General Motors filed a complaint against the Trust and the Trustee asserting subrogation claims against the Trust pursuant to Ohio Revised Code Section 4123.931, arising from General Motors' payment of workers' compensation benefits to Anna R. Bolen. That case is pending as *General Motors LLC v. Anna R. Bolen, et al.*, in the Henry County, Ohio Court of Common Pleas, Case No. 16CV0089 (the "State Court Action").

5. The State Court Action was stayed by an Order entered on March 15, 2017, for the purpose of allowing this Court to determine the applicability of the Asbestos Permanent Channeling Injunction.

6. On March 14, 2017, General Motors filed its Adversary Complaint seeking a determination as to whether or not the Asbestos Permanent Channeling Injunction bars the State Court Action.

7. Because General Motors' Adversary Complaint seeks a declaratory judgment with regard to the application and construction of the Asbestos Permanent Channeling Injunction, 11 U.S.C. § 524(g)(2)(A) provides that the instant proceeding may be commenced <u>only</u> in the District Court.

8. For that reason, the Trust and its Trustee have filed a Motion for the District Court to withdraw General Motors' Adversary Complaint from the Bankruptcy Court (the "Motion to Withdraw the Reference") to comply with the explicit requirements of Section 524(g)(2)(A) of the Bankruptcy Code.

9. As required by Local Rule 5011-1, the Trust and Trustee have also filed a Motion for this Court's determination that the Court lacks authority to enter final orders or judgments with respect to General Motors' declaratory judgment claim

## RELIEF REQUESTED

10. Pursuant to Bankruptcy Rule 5011(c), the Trust and its Trustee respectfully request that the Court enter an order staying the instant proceeding pending the District Court's disposition of the Motion to Withdraw the Reference.

## BASIS FOR RELIEF REQUESTED

11. Bankruptcy Rule 5011(C) provides that:

> The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion.

12. The substance of the instant Motion "follows the same standards as any motion for stay[,]" and "[a] movant must demonstrate: the likelihood of prevailing on the merits, i.e., that the pending motion will be granted; that movant will suffer irreparable harm if the stay is denied; that the other party will not be substantially harmed by the stay; and that the public interest will be served by granting the stay." *Miller v. Vigilant Ins. Co. (In re Eagle Enters.)*, 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001). These factors support the stay requested.

13. The Trust and Trustee are likely to prevail on their Motion to Withdraw the Reference, as such Motion is fundamentally based upon the explicit requirements of Section 524(g)(2)(A) of the Bankruptcy Code:

> [A]fter entry of such injunction, any proceeding that involves the validity, application, construction, or modification of such injunction, or of this subsection with respect to such injunction, **may be commenced only in the district court** in which such injunction was entered, and **such court shall have exclusive jurisdiction** over any such proceeding without regard to the amount in controversy.

11 U.S.C. § 524(g)(2)(A) (emphasis added). Accordingly, because General Motors' Adversary Complaint seeks declaratory judgment with regard to the application and construction of the Asbestos Permanent Channeling Injunction, 11 U.S.C. § 524(g)(2)(A) provides that the instant proceeding may be commenced <u>only</u> in the District Court.

14. Because Section 524(g)(2)(A) requires the instant proceeding to be commenced in—and therefore now withdrawn to—the District Court, a stay of the instant proceeding is appropriate pending the District Court's disposition of the Motion to Withdraw the Reference.

4

Indeed, the District Court must first resolve the threshold issue of whether or not the instant proceeding is even properly before this Court.

15. The Trust and Trustee will suffer irreparable harm if the stay is denied. The Motion to withdraw General Motors' Adversary Complaint establishes that the instant proceeding must be commenced in the District Court. Furthermore, as set forth in the Trust and Trustee's Motion for this Court's determination that the Court lacks authority to enter final orders or judgments, only the District Court has the judicial authority to hear, decide and enter final orders and judgments with respect to General Motors' declaratory judgment claim. The Trust and Trustee will lose the benefit of the statutory mandate of 11 U.S.C. § 524(g)(2)(A) requiring this proceeding to have been commenced in the District Court, and thus be irreparably harmed, if this Court exercises judicial authority over this proceeding before the District Court considers the Motion to withdraw General Motors' Adversary Complaint.

16. On the other hand, Plaintiff will not suffer any harm by granting the stay. Any delay caused to Plaintiff is merely the result of Plaintiff electing to ignore the explicit language of Section 524(g)(2)(A) that requires its proceeding to have been commenced in the District Court.

17. Finally, the public interest will be served by a stay. Judicial efficiency and uniformity play a substantial part in consideration of the public interest. The stay of this proceeding pending the District Court's determination of the Motion to withdraw General Motors' Adversary Complaint will eliminate the possibility that the assets of the parties will be wasted in prosecuting a matter which likely will be determined to have been improperly commenced in this Court. Indeed, the Trust is a limited fund established for the benefit of holders of Asbestos Personal Injury Claims. Without a stay, the Trust would likely incur

unnecessary legal expenses to the detriment of holders of Asbestos Personal Injury Claims. The efficient adjudication of this litigation will be advanced by allowing the District Court to first resolve the threshold issue of whether or not the instant proceeding is even properly before this Court.

18. Therefore, this Court should stay the instant proceeding pending the District Court's disposition of the Motion to Withdraw the Reference.

## NOTICE OF REQUESTED RELIEF

19. Notice of this Motion has been given to counsel for General Motors.

## CONCLUSION

For the foregoing reasons, the Trust and Trustee respectfully request that the Court enter an order staying the instant proceeding pending the District Court's disposition of the Motion to Withdraw the Reference.

Dated: April 17, 2017

**MORRIS JAMES LLP**

*/s/ Brenna A. Dolphin*
Carl N. Kunz, III (DE Bar No. 3201)
Brenna A. Dolphin (DE Bar No. 5604)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com
E-mail: bdolphin@morrisjames.com

and

Robert G. Sanker (*pro hac vice to be filed*)
Joseph E. Lehnert (*pro hac vice to be filed*)
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Telephone: (513) 579-6400
Facsimile: (513) 579-6457
E-mail: rsanker@kmklaw.com
E-mail: jlehnert@kmklaw.com

*Counsel to ACandS Settlement Trust*